No. 670        December 20, 2023        685

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH LEE OTIS,
*Defendant-Appellant.*

Lane County Circuit Court
20CR28321; A176889

Charles M. Zennaché, Judge.

Submitted June 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction for first-degree robbery, ORS 164.415.[1] In a single assignment of error, defendant contends that the trial court erred by excluding evidence impeaching the victim. We conclude that defendant's proposed cross-examination of the victim was not relevant impeachment evidence because it would not have contradicted her testimony. We therefore affirm.

The facts relevant to this appeal are few and undisputed. Defendant took $2,500 cash from the victim's bedroom while he was at her house to retrieve his cell phone. After the victim pursued defendant in her car, defendant threatened to kill her if she did not stop following him. At trial, defendant attempted to discredit the victim's narrative of events. On cross-examination, defense counsel asked the victim whether she thought it "was a good idea" to follow him. She responded that she thought she "knew" defendant and she "loved" him but that he "just couldn't get sober" and that "that wasn't him." Counsel asked the victim if she was sober, and she responded that she "was fighting [her] own battle as well," meaning that she was "[s]taying away from people that use" but that she "was sober."

Defendant then asked the victim about a search warrant that police had served on her house where drugs were found "within months" of the incident. The state objected to any further questioning on the matter as irrelevant. Defendant contended that he was entitled to impeach the victim's credibility by contradicting her testimony that she was sober and staying away from people who use drugs. The trial court ruled that defendant's proposed cross-examination was irrelevant impeachment on a collateral matter. On appeal, defendant challenges that ruling.

We review the admissibility of evidence for legal error. *State v. Apodaca*, 291 Or App 268, 269, 420 P3d 670 (2018). "[A] witness may be impeached by evidence that contradicts the witness's testimony on any independently relevant fact, although the witness cannot be impeached as

---

[1] Before trial, defendant also pleaded guilty to felon in possession of a firearm, ORS 166.270, and first-degree theft, ORS 164.055. He does not challenge those convictions on appeal.

to merely collateral matters." *State v. Gibson*, 338 Or 560, 572, 113 P3d 423 (2005). A subject of cross-examination is independently relevant and not collateral if "the cross-examining party would have been entitled to prove it as a part of and tending to establish its case." *Id*. at 573 (internal quotation marks omitted).

Here, we need not determine whether defendant's proposed cross-examination of the victim related to an independently relevant fact because we conclude that the proposed cross-examination would not have contradicted her testimony. Defendant asserts that his proposed cross-examination would have contradicted the victim's testimony that she was sober and was staying away from people who use drugs because it would have shown that she was not, in fact, sober or avoiding people who use drugs. We disagree. In context, the victim's testimony could be understood to assert that she was sober *at the time of the incident* even as she was "fighting [her] own battle" to maintain sobriety and not associate with drug users. Thus, defendant's proposed cross-examination relating to whether the victim was using drugs or associating with drug users "within months" of the incident would not have been relevant to contradict her testimony because it was not inconsistent with any facts tending to show her drug use or contact with drug users. *See State v. Stapp*, 266 Or App 625, 629, 338 P3d 772 (2014) (holding that evidence that the defendant had previously threatened someone with a knife was not relevant to discredit his testimony that he had not stabbed anyone).

Affirmed.